Heather L. McCloskey (SBN 193239)
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for CETYLMAX, LLC and FLEXADREN, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGENETIX, INC., a Nevada Corporation, | CASE NO. 08 CV 1369 LAB (WMc) |
| Plaintiff, | **ANSWER TO COMPLAINT FOR DAMAGES, PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION** |
| v. | |
| CETYLMAX, LLC, a Utah Limited Liability Company; FLEXADREN, LLC, a Utah Limited Liability Company, | |
| Defendant. | |

Defendants CETYLMAX, LLC ("CetylMax") and FLEXADREN, LLC ("Flexadren") respond to the Complaint for Damages, Permanent Injunctive Relief, and Restitution filed by IMAGENETIX, INC. ("Imagenetix") and asserts the following affirmative defenses as follows:

1. Defendants admit that this Court has jurisdiction to hear the claims set forth in the complaint.

2. Defendants admit that the complaint seeks damages and a permanent injunction and deny each and every other allegation in Paragraph 2.

3. Defendants admit that plaintiff is in the business of promoting, licensing, and selling various nutritional supplements and other products and that Celadrin has been subject of several scientific studies. Defendants deny each and every other allegation in Paragraph 3.

4. Defendants admit that they are in the business of promoting and selling product for

IDOCS:13074.2:704758.1

1  treatment of osteoarthritis.  Defendants deny each and every other allegation in Paragraph 4.

2      5.    Defendants are informed and believe that Imagenetix is a Nevada corporation with its principal place of business at 10845 Rancho Bernardo Road, Suite 105, San Diego, California, and admit these facts on that basis.  Defendants lack information or belief sufficient to admit or deny the remaining allegations in Paragraph 5 of the complaint, and on that basis deny them.

    6.    Defendants admit that Imagenetix owns United States Federal Trademark Registration No. 2,599,153.  Defendants deny each and every other allegation in Paragraph 6.

    7.    Defendants admit the allegations contained in Paragraph 7 of the complaint.

    8.    Defendants admit the allegations contained in Paragraph 8 of the complaint.

    9.    Defendant CetylMax incorporates by reference its responses to Paragraphs 1 through 8 of the complaint as though fully set forth hereat.

    10.    Defendant CetylMax admits that plaintiff purports to bring a claim under §43(a) of the Lanham Act, 15 U.S.C.A. §1125.

    11.    Defendant CetylMax admits that this Court has jurisdiction to hear the claims set forth in the complaint.

    12.    Defendant CetylMax admits that they have promoted the CetylMax product in various media publications.  Defendant denies each and every other allegation contained in Paragraph 12 of the complaint.

    13.    Defendant CetylMax admits that the statements set forth in Paragraph 13, subsections (a) through (g) of the complaint have appeared on the CetylMax website.  Defendant CetylMax denies each and every other allegation contained in Paragraph 13 of the complaint.

    14.    Defendant CetylMax admits that the statements set forth in Paragraph 14, subsections (a) and (b) appeared in infomercials and in other media.  Defendant CetylMax denies each and every other allegation contained in Paragraph 14 of the complaint.

    15.    Defendant CetylMax denies each and every allegation in Paragraph 15 of the Complaint.

    16.    Defendant CetylMax denies each and every allegation in Paragraph 16 of the Complaint.

17. Defendant CetylMax denies each and every allegation in Paragraph 17 of the Complaint.

18. Defendant CetylMax denies each and every allegation in Paragraph 18 of the Complaint.

19. Defendant CetylMax denies each and every allegation in Paragraph 19 of the Complaint.

20. Defendant CetylMax denies each and every allegation in Paragraph 20 of the Complaint.

21. Defendant CetylMax denies each and every allegation in Paragraph 21 of the Complaint.

22. Defendant CetylMax denies each and every allegation in Paragraph 22 of the Complaint.

23. Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1 through 22 as though fully set forth hereat.

24. Defendants admit that plaintiff purports to bring a claim under § 43(a) of the Lanham Act, 15 U.S.C.A. §1125.

25. Defendants admit that this Court has jurisdiction over the claims set forth in the complaint.

26. Defendants admit that they have placed commercial advertising concerning CetylMax and Flexadren in various publications. Defendants deny each and every other allegation contained in Paragraph 26 of the complaint.

27. Defendants admit that they advertised Flexadren as containing the cetylated fatty acids found in Celadrin. Defendants deny each and every other allegation set forth in Paragraph 27 of the complaint.

28. Defendants deny each and every allegation set forth in Paragraph 28 of the complaint.

29. Defendants deny each and every allegation set forth in Paragraph 29 of the complaint.

1 | 30. Defendants deny each and every allegation set forth in Paragraph 30 of the complaint.

2 | 31. Defendants deny each and every allegation set forth in Paragraph 31 of the complaint.

3 | 32. Defendants deny each and every allegation set forth in Paragraph 32 of the complaint.

4 | 33. Defendants deny each and every allegation set forth in Paragraph 33 of the complaint.

5 | 34. Defendants deny each and every allegation set forth in Paragraph 34 of the complaint.

6 | 35. Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 35 as though fully set forth hereat.

7 | 36. Defendants admit that Imagenetix purports to sue in its personal capacity and on behalf of the general public.

8 | 37. Defendants deny each and every allegation set forth in Paragraph 37 of the complaint.

9 | 38. Defendants deny each and every allegation set forth in Paragraph 38 of the complaint.

10 | 39. Defendants deny each and every allegation set forth in Paragraph 39 of the complaint.

11 | 40. Defendants deny each and every allegation set forth in Paragraph 40 of the complaint.

12 | 41. Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 40 as though fully set forth hereat.

13 | 42. Defendants deny each and every allegation set forth in Paragraph 42 of the complaint.

14 | 43. Defendants deny each and every allegation set forth in Paragraph 43 of the complaint.

ERVIN COHEN & JESSUP LLP

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint, on the grounds that such defenses are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, defendants further alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported claim set forth therein, fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint, and each purported claim set forth therein, is barred by the doctrines of waiver, estoppel and/or laches.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has not suffered injury to its business or property by reason of any conduct by defendants that violated the patent, trademark, trade dress, unfair competition, or deceptive business practices laws or any other legal duty.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants' conduct constituted the lawful exercise of its legal rights, which do not violate the patent, trademark, trade dress, unfair competition, or deceptive business practices laws or any other legal duty.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's injuries and damages, if any, were caused, in whole or in part, by its own conduct and not the conduct of defendants.

### SIXTH AFFIRMATIVE DEFENSE

6. The Complaint, and each purported claim set forth therein, is barred by the doctrine of unclean hands and the plaintiff's wrongful conduct.

### SEVENTH AFFIRMATIVE DEFENSE

7. The complained of conduct constitutes a lawful exercise of defendants' First Amendment Rights.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff's complaint be dismissed with prejudice, and that its requests for damages, injunctive relief, restitution and other relief be denied in full;

2. That Defendants be awarded its attorneys' fees, costs and expenses in this action pursuant to 35 U.S.C. § 285 and all other applicable law; and

3. That Defendants be awarded such further relief as this Court may deem fair and just.

DATED: August 22, 2008

ERVIN COHEN & JESSUP LLP
Heather L. McCloskey

By: *Heather L. McCloskey*
Heather L. McCloskey
Attorneys for CETYLMAX, LLC and FLEXADREN, LLC

IDOCS:13074.2:704758.1

-6-

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                     ) ss:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 9401 Wilshire Boulevard, Beverly Hills, California 90212-2974.

On August 22, 2008, I served the document described as **ANSWER TO COMPLAINT FOR DAMAGES, PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION** on counsel for the parties in this action, or on the parties _in propria persona_, addressed as stated below:

Erwin J. Shustak
Thomas C. Frost
Shustak Frost & Partners, P.C.
401 West "A" Street, Suite 2330
San Diego, CA 92101

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]   BY NEXT-DAY DELIVERY: Via Overnite Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Overnite Express. In the ordinary course of business, this correspondence would be picked up by Overnite Express on that same day.

[ ]   BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed above and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on August 22, 2008 at Beverly Hills, California.

_Patricia Rojas_
PATRICIA ROJAS